**SO ORDERED.**

**SIGNED this 05 day of June, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| IN RE | BANKR. CASE NO. |
|---|---|
| GREGORY H. BARRINEAU & STEPHANIE GRAY BARRINEAU | 05-54948-C |
| *DEBTORS* | CHAPTER 7 |

### ORDER DENYING MOTION TO QUASH RULE 2004 EXAMINATION, MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS

CAME ON for consideration the foregoing matter. The debtors are individuals, who received a discharge on December 5, 2005. They filed a motion to quash a Rule 2004 examination, sought a protective order, and objected to a request for production of documents, claiming that a creditor, one James Smith, had sent them (through counsel) a Notice of Intent to Conduct Rule 2004 Examination of Gregory H. Barrineau and Request for Production of Documents. A copy of the Notice, attached to the motion, shows that an examination of Gregory H. Barrineau, but is directed to Stonebrook Homes, Ltd., an involuntary debtor still in bankruptcy.

The debtor claims that this court should quash this Notice insofar as it is directed to the debtor individually (a separate motion to quash has been filed in the Stonebrook Homes case, now pending before Judge Ronald B. King). First, the debtor says that the scope of the examination exceeds the proper scope of such an examination, inquiring into the affairs of the debtor who has already received his discharge. Next, the debtor says that the court lacks jurisdiction to order the production of non-debtor corporate and partnership records. Next, the debtor seeks to limit what the debtor might have to produce, claiming that he cannot be compelled to produce anything other than individual records, nor can he be required to produce any document generated after the date of the filing of his petition. Next, the debtor asserts non-specific objections on broadness and overbreadth grounds. Next, they object to the production of documents to be used at trial, when no adversary matter is on file at this time. Next, the debtor generally asserts immunity from self incrimination as to one of the document requests. Next, he objects to having to produce documents relating to the estimation of claims listed in the schedules and statement of affairs of the debtor, when the debtor has already received a discharge. Finally, the debtor claims he is not available at that time anyway. For good measure, debtor's counsel seeks fees.

The motion to quash and for protective order is denied (though without prejudice to seeking appropriate protection from Judge King, consistent with this order). Here is why.

A discharge does not insulate a debtor from discovery. A debtor may still be a witness in a lawsuit aimed at another entity – even an entity which he may have owned or controlled, or for which he worked. The discharge only protects him from being sued in his personal capacity for a claim that was discharged in his bankruptcy. *See* 11 U.S.C. § 524(a)(1); *see also Williams v. Texaco, Inc.*, 165 B.R. 662, 663 (D.N.M. 1994) (discharge may be an affirmative defense, but itself raises a factual issue requiring factual development).

The question of the proper scope of the Rule 2004 examination is entrusted to the court before which the case in which such an examination is sought. In this case, that would be Judge King. Despite the joint style of the pleading (and the evident uncertainty of the party seeking the discovery), the notice of examination is itself directed to Stonebrook Homes, Ltd. Clearly, the debtor in this case is the one person who must be examined in that case, as the debtor in that case is a limited partnership (or other legal entity) which can only speak through persons who can speak in an official capacity – a general partner, a controlling member, a corporate officer, or the like. *See In re Muy Bueno*, 257 B.R. 843, 847 (Bankr. W.D.Tex. 2001). Thus, examining Mr. Barrineau, the evident "person in control" of Stonebrook Homes, was the right course of action for the creditor to pursue.

Rule 2004 is not limited to examination of the debtor. The rule states that it applies to the examination of "any entity." That, of course, can include Mr. Barrineau. The designated entity can be compelled to appear, and can be compelled to produce documents, as is sought here. Nothing in section 524(a) insulates the debtor from having to respond to such an examination – especially when the examination is sought of him as an entity with knowledge of acts, conduct, or property of the debtor (Stonebrook Homes) or the liabilities or financial condition of the debtor, or any matter which may affect the administration of the debtor's estate. Mr. Barrineau, in fact, may well be uniquely situated as the only person capable of accurately responding to examination. *See Muy Bueno, supra.*

Nor can Barrineau hide behind his discharge to cloak whatever documents he might have produced (or received) after the filing of his case. Indeed, section 727(d) authorizes the court to *revoke* a debtor's discharge, on request of a creditor, if the discharge was obtained through fraud that was unknown to the requesting creditor, or if the debtor acquired estate property and fraudulently

failed to report it or turn it over to the trustee. If the debtor here has engaged in such wrongful acts, then an examination that seeks to elicit evidence supporting such an allegation is legitimate. The debtor has no grounds to resist examination regarding these matters.

It will be up to Judge King to determine whether general remonstrations of overbreadth are sufficient to resist production of documents (though this court's ruling in *Texas Bumper Exchange* suggests that the answer is in the negative). *See In re Texas Bumper Exchange*, 333 B.R. 135 (Bankr. W.D.Tex. 2005). It will similarly be up to Judge King to rule on the nonspecific assertion of the privilege against self-incrimination (though Fifth Circuit precedent suggests that lack of specificity is fatal).

The motion, asserted in this case, is in all things, denied.

# # #